THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. State Bar No.: 187111)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     E-mail: Ranee.Katzenstein@usdoj.gov
NANETTE L. DAVIS
Trial Attorney (Virginia BN: 31616)
ELLEN M. QUATTRUCCI
Trial Attorney (D.C. BN: 462103)
DANNY N. ROETZEL
Trial Attorney (Missouri BN: 34879)
Tax Division, Northern & Western
Criminal Enforcement Sections
     P.O. Box 972
     Washington, D.C. 20044
     Telephone: (202) 514-5150
     Facsimile: (202) 616-1786
     E-mails:  Nanette.L.Davis@usdoj.gov
               Ellen.M.Quattrucci@usdoj.gov
               Danny.N.Roetzel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JOHN S. LIPTON, et al.,<br><br>          Defendants. | CR No. <u>05-316-DSF</u><br><br><u>PLEA AGREEMENT FOR DEFENDANT RICHARD B. LEONARD</u> |

     1.  This constitutes the plea agreement between RICHARD B. LEONARD ("defendant") and the United States Attorney's Office for

the Central District of California and the Tax Division of the United States Department of Justice (collectively, the "Offices") in the above-captioned case. This agreement is limited to the Offices and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2. Defendant agrees to plead guilty to count 68 of the indictment in United States v. John S. Lipton, et al, CR 05-316-DSF, and defendant further gives up the right to indictment by a grand jury and agrees to plead guilty to a one-count information in the form attached to this agreement or a substantially similar form.

NATURE OF THE OFFENSES

3. In order for defendant to be guilty of count 68 of the indictment, which charges a violation of Title 18, United States Code, Section 371, the following must be true:

First: From July 1994 to May 2005, there was an agreement between two or more persons to defraud an agency of the United States, specifically the Department of the Treasury;

Second: Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

Third: One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

4. In order for defendant to be guilty of count one of the information, which charges a violation of Title 26, United States Code, Section 7201, the following must be true:

1        <u>First</u>:  Defendant owed federal income tax for the calendar
2   year at issue;
3        <u>Second</u>:  Defendant knew that he owed federal income tax for
4   said calendar year;
5        <u>Third</u>:  Defendant made an affirmative attempt to evade or
6   defeat assessment and payment of said income tax; and
7        <u>Fourth</u>:  In attempting to evade or defeat such additional
8   tax, the defendant acted willfully, that is, his actions were not
9   due to accident, mistake or negligence.
10       5.   Defendant admits that defendant is, in fact, guilty of
11  these offenses as described in count 68 of the indictment and
12  count one of the information.

<u>PENALTIES AND RESTITUTION</u>

14       6.   The statutory maximum sentence that the Court can impose
15  for a violation of Title 18, United States Code, Section 371 is:
16  five years imprisonment; a three-year period of supervised
17  release; a fine of $250,000 or twice the gross gain or gross loss
18  resulting from the offense, whichever is greatest; and a
19  mandatory special assessment of $100.  The statutory maximum
20  sentence that the Court can impose for a violation of Title 26,
21  United States Code, Section 7201 is: five years imprisonment; a
22  three-year period of supervised release; a fine of $250,000 or
23  twice the gross gain or gross loss resulting from the offense,
24  whichever is greatest; and a mandatory special assessment of
25  $100.
26       7.   The Court may order defendant to pay any additional
27  taxes, interest and penalties that defendant owes to the United
28  States.  Also, the Court may order defendant to pay the costs of

prosecution, which may be in addition to the statutory maximum fine stated above.

8.  Therefore, the total maximum sentence for the offenses to which defendant is pleading guilty is: ten years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; all additional taxes, interest and penalties that defendant owes to the United States; costs of prosecution; and a mandatory special assessment of $200.

9.  Defendant agrees to make full restitution for the losses caused by defendant's activities. The Offices currently believe that the applicable amount of restitution is $3,000,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

10. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to

possess a firearm, the right to hold office, and the right to serve on a jury.

12. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13. Defendant Leonard acknowledges that he was not extradited by the Costa Rican government for violating 26 U.S.C. Section 7201, and that he waives any rights, benefits or other defenses he may have had under the doctrines of dual criminality and the rule of specialty for the 26 U.S.C. Section 7201 charge by pleading guilty.

## FACTUAL BASIS

14. Defendant and the Offices agree and stipulate to the statement of facts set forth in Exhibit A hereto.  This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 17 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

## WAIVER OF CONSTITUTIONAL RIGHTS

15. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

1   b) The right to a speedy and public trial by jury.
2   c) The right to the assistance of legal counsel at
3 trial, including the right to have the Court appoint counsel for
4 defendant for the purpose of representation at trial.  (In this
5 regard, defendant understands that, despite his pleas of guilty,
6 he retains the right to be represented by counsel -- and, if
7 necessary, to have the court appoint counsel if defendant cannot
8 afford counsel -- at every other stage of the proceeding.)
9   d) The right to be presumed innocent and to have the
10 burden of proof placed on the government to prove defendant
11 guilty beyond a reasonable doubt.
12   e) The right to confront and cross-examine witnesses
13 against defendant.
14   f) The right, if defendant wished, to testify on
15 defendant's own behalf and present evidence in opposition to the
16 charges, including the right to call witnesses and to subpoena
17 those witnesses to testify.
18   g) The right not to be compelled to testify, and, if
19 defendant chose not to testify or present evidence, to have that
20 choice not be used against defendant.
21     By pleading guilty, defendant also gives up any and all
22 rights to pursue any affirmative defenses, Fourth Amendment or
23 Fifth Amendment claims, and other pretrial motions that have been
24 filed or could be filed.

## SENTENCING FACTORS

26   16.  Defendant understands that the Court is required to
27 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
28 including the kinds of sentence and sentencing range established

6

1 under the United States Sentencing Guidelines ("U.S.S.G." or
2 "Sentencing Guidelines"), in determining defendant's sentence.
3 Defendant further understands that the Sentencing Guidelines are
4 advisory only, and that after considering the Sentencing
5 Guidelines and the other § 3553(a) factors, the Court may be free
6 to exercise its discretion to impose any reasonable sentence up
7 to the maximum set by statute for the crimes of conviction.
8     17.  Defendant and the Offices agree and stipulate to the
9 following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level : | 24 | U.S.S.G. §§2T1.1(a)(1); 2T4.1(J) |
| Use of Sophisticated Means : | +2 | U.S.S.G. § 2T1.1(b)(2) |
| Acceptance of Responsibility : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level : | 23 | |

16     The Offices will agree to a downward adjustment for
17 acceptance of responsibility and, if applicable, move for an
18 additional level under § 3E1.1(b) only if the conditions set
19 forth in paragraph 20 are met.  Subject to paragraph 18,
20 defendant and the Offices agree not to seek, argue, or suggest in
21 any way, either orally or in writing, that any other specific
22 offense characteristics, adjustments or departures, relating to
23 either the applicable Offense Level or the Criminal History
24 Category, be imposed.  If, however, after signing this agreement
25 but prior to sentencing, defendant were to commit an act, or the
26 Offices were to discover a previously undiscovered act committed
27 by defendant prior to signing this agreement, which act, in the
28 judgment of the Offices, constituted obstruction of justice

within the meaning of U.S.S.G. § 3C1.1, the Offices would be free to seek the enhancement set forth in that section.

Defendant and the Offices also agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), including the defendant's age and health, the relevant Sentencing Guidelines represent a reasonable basis for the Court to determine defendant's sentence in this case, and agree that defendant should be sentenced to a sentence of time served. The recommended sentence of time served is the equivalent of a 46-month sentence (the low end of the applicable guidelines range for offense level 23 and Criminal History Category I), taking into account "good time" credit for the defendant. The Offices are free to argue that a condition of supervised release be that defendant serve a portion of his term of supervised release in a community treatment facility which can accommodate defendant's medical needs. The defendant is free to argue against said condition of supervised release. The defendant and the Offices agree that defendant may recommend that defendant be transferred to Gateways, a community treatment center, after the entry of his guilty pleas as soon as that facility has an appropriate opening for defendant; the Offices agree not to oppose defendant's transfer to Gateways after the entry of his pleas of guilty.

18. There is no agreement as to defendant's criminal history or criminal history category.

19. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the Offices are free to: (a) supplement the facts by supplying relevant information to the United States Probation

Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

20. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

   e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

   f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the United States Attorney's Office prior to sentencing.

21. Defendant admits that defendant received unreported income for 1994 through 2005, inclusive. Defendant agrees to cooperate with the Internal Revenue Service in the determination

of defendant's tax liability for 1994-2005, inclusive. Defendant agrees:

    a) That defendant will file, prior to the time of sentencing, initial and/or amended returns for the years subject to the above admissions, correctly reporting unreported individual income, and will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns, and agrees to pay any additional taxes within 180 days after sentencing, and will pay promptly all penalties and interest assessed by the Internal Revenue Service to be owing as a result of any computational error(s).

    b) That nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

    c) That defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

## THE OFFICES' OBLIGATIONS

22. If defendant complies fully with all defendant's obligations under this agreement, the Offices agree:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the

1 applicable Sentencing Guidelines range, where the sentence should
2 fall within that range, the propriety and extent of any departure
3 from that range, and the determination of the sentence to be
4 imposed after consideration of the Sentencing Guidelines and all
5 other relevant factors under 18 U.S.C. § 3553(a).
6      c) Not to further prosecute defendant for violations
7 arising out of the following conduct: (i) the subject matter of
8 the charges set forth in <u>United States v. John S. Lipton, et al.</u>,
9 Criminal Case No. CR 05-316-DSF; and (ii) the subject matter of
10 the charge set forth in the accompanying information to this
11 agreement. Defendant understands that the Offices are free to
12 prosecute defendant for any other unlawful past conduct or any
13 unlawful conduct that occurs after the date of this agreement.
14 Defendant agrees that at the time of sentencing the Court may
15 consider the uncharged conduct in determining the applicable
16 Sentencing Guidelines range, where the sentence should fall
17 within that range, the propriety and extent of any departure from
18 that range, and the determination of the sentence to be imposed
19 after consideration of the sentencing guidelines and all other
20 relevant factors.
21      d) At the time of sentencing, provided that defendant
22 demonstrates an acceptance of responsibility for the offenses up
23 to and including the time of sentencing, to recommend a two-level
24 reduction in the applicable sentencing guideline offense level,
25 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
26 move for an additional one-level reduction if available under
27 that section.
28 //

## BREACH OF AGREEMENT

23. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the Offices may declare this agreement breached. If the Offices declare this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered [a] guilty pleas, defendant will not be able to withdraw the guilty pleas, and (b) the Offices will be relieved of all of its obligations under this agreement.

24. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the Offices elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

   b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence

derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

25. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the amount or terms of any restitution order and the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

26. The Offices give up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total

offense level of 23, and the applicable criminal history category as determined by the Court.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27. Defendant agrees that if either count of conviction is vacated, reversed, or set aside, the Offices may: (a) ask the Court to resentence defendant on the remaining counts of conviction, with both the Offices and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on the remaining count of conviction, with both the Offices and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the Offices.

### COURT NOT A PARTY

28. The Court is not a party to this agreement and need not accept any of the Office's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Except as set forth herein, there are no promises, understandings or agreements between the Offices and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States ~~Attorney~~

_____          12/1/08
RANEE A. KATZENSTEIN                   Date
Assistant United States Attorney


TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE


_____          _____
NANETTE L. DAVIS
ELLEN M. QUATTRUCCI
DANNY N. ROETZEL                       Date
Trial Attorneys

15

NO ADDITIONAL AGREEMENTS

29. Except as set forth herein, there are no promises, understandings or agreements between the Offices and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          _____
RANEE A. KATZENSTEIN                  Date
Assistant United States Attorney


TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE

*/s/ Danny N. Roetzel*                 12/01/08
_____          _____
NANETTE L. DAVIS
ELLEN M. QUATTRUCCI
DANNY N. ROETZEL                      Date
Trial Attorneys

15

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_[signature]_                                      11/26/08
RICHARD B. LEONARD                                 Date
Defendant

I am RICHARD B. LEONARD's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his [or her] rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_[signature]_                                      11/26/08
STEPHEN G. FRYE                                    Date
Counsel for Defendant
RICHARD B. LEONARD