THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (CSB No. 187111)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2432
    E-mail: Ranee.Katzenstein@usdoj.gov
LORI A. HENDRICKSON
Trial Attorney (Ohio BN: 0067831)
ELLEN M. QUATTRUCCI
Trial Attorney (D.C. BN: 462103)
DANNY N. ROETZEL
Trial Attorney (Missouri BN: 34879)
Tax Division, Western
Criminal Enforcement Section
    P.O. Box 972
    Washington, D.C. 20044
    Telephone: (202) 514-5762
    Facsimile: (202) 514-9623
    E-mails: Lori.A.Hendrickson@usdoj.gov
            Ellen.M.Quattrucci@usdoj.gov
            Danny.N.Roetzel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR 05-316-DSF |
|                      ) | |
|       Plaintiff, ) | **GOVERNMENT'S RESPONSE TO DEFENDANT** |
|                      ) | **RICHARD LEONARD'S RESPONSE TO** |
|      v.               ) | **GOVERNMENT'S MEMORANDUM REGARDING** |
|                      ) | **RESTITUTION FROM RICHARD LEONARD** |
| JOHN S. LIPTON, et al., ) | |
|                      ) | RESTITUTION HEARING: |
|       Defendants. ) | |
|                      ) | Date: July 27, 2009 |
|                      ) | Time: 8:30 a.m. |
| _____ ) | |

4469400.1

Plaintiff, United States of America, by and through its counsel of record, Assistant United States Attorney Ranee A. Katzenstein and Trial Attorneys Lori A. Hendrickson, Ellen M. Quattrucci, and Danny N. Roetzel, Department of Justice, Tax Division, hereby files its Response to Defendant Richard Leonard's Response to Government's Memorandum Regarding Restitution from Richard Leonard.

The government's Response is based on the attached memorandum of points and authorities; the record and file in this case; and any additional evidence and argument that the Court receives prior to or at the hearing on defendant LEONARD's restitution.

Dated: July 23, 2009          Respectfully Submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Major Frauds Section


/s/Ellen Quattrucci
LORI A. HENDRICKSON
ELLEN M. QUATTRUCCI
DANNY N. ROETZEL
Trial Attorneys
Tax Division

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

In its Sentencing Memorandum, the government recommended that defendant RICHARD B. LEONARD ("defendant" or "LEONARD") be ordered to pay restitution in the amount of $3,000,000.00. The total tax loss and interest due to the Internal Review Service as a result of the conspiracy to which LEONARD pleaded guilty exceeds $3.5 million. Defendant LEONARD argues that a $3 million restitution order should not be imposed because: (1) he had no meaningful opportunity to address the government's claims because he does not have access to certain worksheets of the government; and (2) his nominee corporation shielded only a small amount income which included (a) purchases made with credit cards associated with his nominee Costa Rican corporation and (b) an additional $10,000 in income deposited into his trust account in 1999 – not the total $1.92 million he received in Genesis funds. These arguments should be rejected.

**II**

**ARGUMENT**

**A. DEFENDANT LEONARD HAS HAD ACCESS TO THE DOCUMENTS USED TO CALCULATE THE TAX DUE AND OWING OF HIS CO-DEFENDANTS FOR OVER TWO YEARS.**

Defendant LEONARD claims that he has "no way, and likely will never have a way" to defend against the government's tax calculations. Def. Mem. at 2. He further claims that because "disclosure laws restrict what the government can disclose to Mr.

1  Leonard about its own calculations regarding the taxes of the
2  alleged co-conspirators" he should not be ordered to pay any
3  restitution.  Defendant LEONARD misstates the facts.
4       On February 11, 2009, the government provided defendant
5  LEONARD with a tax computation for each of his co-defendants.
6  These documents were filed under seal with the Court (Docket
7  Entry 730).  These documents inform defendant LEONARD of the
8  amount of tax due and how that tax was calculated by the IRS.
9  Most importantly, these calculations are based entirely upon
10 documents produced to defendant LEONARD in discovery.
11      Specifically, defendant LEONARD was provided with the name
12 of the nominee Costa Rican corporation (as well as the nominee
13 trust accounts) used by each of his co-conspirators.  Defendant
14 LEONARD was also provided with the bank account records
15 associated with each of the Costa Rican corporations (and the
16 previously used trust accounts) as well as any other offshore
17 accounts used by any of his co-defendant.  The bank account
18 records contain the checks issued from the Genesis Fund as
19 distributions to each of the co-defendants.  With respect to any
20 deductions or tax payments used in the tax computations,
21 defendant LEONARD was also provided with any tax returns filed by
22 his co-defendants in discovery.  All the documents necessary to
23 calculate the loss determined by the IRS were provided to
24 defendant LEONARD in discovery.
25      The government did not provide defendant LEONARD with a
26 discrete set of documents – the spreadsheets which summarize the
27 omitted items of income of his co-defendants.  The IRS created a
28

4                                                    4469400.1

document similar to Exhibit B of defendant LEONARD's Supplemental Sentencing Position Memorandum for each co-defendant and Mr. George "Bo" Boeck.  However, defendant LEONARD did not ask for the government for this information until July 14, 2009 – one day before briefing on the restitution issue was due.  On July 15, 2009, the day briefing was due on this matter, the government declined to provide this information to defendant LEONARD because disclosure laws prohibit the IRS from disclosing return and return information to third parties such as defendant LEONARD and his counsel[1].  The IRS's workpapers are not necessary for defendant LEONARD's expert to calculate the income received by each of defendant LEONARD's co-defendants; all the documents necessary to complete the tax computations were provided in discovery.  Defendant LEONARD has had these documents for over two years and could verify the IRS's computations if he chose to do so.

    Because defendant LEONARD has had access to all the documents necessary to compute the loss caused by the conspiracy he joined, restitution should be ordered in the amount of $3 million.

**B.   DEFENDANT LEONARD USED HIS NOMINEE COSTA RICAN CORPORATION TO EVADE PAYMENT OF TAX ON OVER $1.9 MILLION IN INCOME RECEIVED FROM THE GENESIS FUND.**

    Defendant LEONARD, in contradiction to the factual basis he admitted in his plea agreement, now claims that he only evaded

---

[1] The government can provide information subject to Federal Rule of Criminal Procedure 16, such as the discovery and the tax computations themselves, but the work papers do not fall into either of these categories.

5

4469400.1

tax on income of $10,000 (and the amount of purchases made on credit cards associated with his nominee corporation). Defendant LEONARD asks this Court to believe he opened a Costa Rican bank account to evade taxes on $10,000 but not the other $1.92 million he deposited into this and other nominee accounts. See Exhibit B to Defendant LEONARD's Supplemental Sentencing Position Memorandum. Defendant LEONARD's clear attempt to minimize his conduct should be rejected.

Defendant LEONARD pleaded guilty to Count 68 of the indictment and a one-count information charging a violation of 26 U.S.C. § 7201. As part of the Supplemental Information, defendant LEONARD admitted that he used nominees and nominee bank accounts to hide his income and assets. Supplemental Information, ¶ 7. Defendant LEONARD contends that he shouldn't be taxed on the additional $1.9 in income because his nominee – Mr. Tinoco – had control over the money. Def. Mem. at 5. The same can be said for any nominee. Indeed, that is the precise definition of a nominee:

> A party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others.

*Black's Law Dictionary*, p. 1072. Defendant LEONARD admitted that he used the Costa Rican corporation and the associated bank accounts for the purpose of evading taxes. Factual Basis, ¶ 21. Defendant LEONARD further admitted that he owed substantial income tax for the years 1999 - 2002 – not the $2,500 he now contends. Factual Basis, ¶ 26.

There is no dispute that the $1.92 million of Genesis funds

6

4469400.1

1  was transferred into nominee entities that defendant LEONARD used
2  for the purpose of evading taxes.  Accordingly, he should be
3  ordered to pay restitution in the amount of $3 million, the full
4  amount of loss from the conspiracy, as requested by the
5  government.

4469400.1

# III

## **CONCLUSION**

For all the foregoing reasons, the government respectfully requests the Court to order defendant LEONARD to make restitution to the Internal Revenue Service in the amount of $3,000,000 for the Criminal Conspiracy to which he pleaded guilty.

Date: July 23, 2009                    Respectfully Submitted,

                                       THOMAS P. O'BRIEN
                                       United States Attorney

                                       CHRISTINE C. EWELL
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       RANEE A. KATZENSTEIN
                                       Assistant United States Attorney
                                       Major Frauds Section



                                            /s/Ellen Quattrucci
                                       LORI A. HENDRICKSON
                                       ELLEN M. QUATTRUCCI
                                       DANNY N. ROETZEL
                                       Trial Attorneys
                                       Tax Division

                                       Attorneys for Plaintiff
                                       United States of America