LAW OFFICE OF STEPHEN G. FRYE
Stephen G. Frye (CSBN 196728)
205 South Broadway, Suite 705
Los Angeles, California 90012
Telephone: (213) 621-1600
Facsimile: (213) 621-1616
Email: sgf@sgfryelaw.com

Attorney for RICHARD LEONARD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, | ) CR 05-316-DSF |
| Plaintiff. | ) **REPLY OF DEFENDANT RICHARD** ) **LEONARD TO GOVERNMENT'S REPONSE** |
| vs. | ) **TO MOTION TO RECONSIDER THE** ) **COURT'S RESTITUTION ORDER AND** |
| RICHARD LEONARD | ) **TO CORRECT SENTENCE** |
| Defendant. | ) ) Date: N/A ) Time: N/A ) Place: N/A |

**REPLY**

Defendant Richard B. Leonard ("Mr. Leonard") hereby replies briefly to various arguments asserted by the government in response to Mr. Leonard's motion to reconsider the Court's order of restitution entered on April 26, 2010. First, the government suggests that Mr. Leonard's "persistent fight against an order of restitution raises the suspicion that he possesses substantial off-shore assets that he wants to protect from being seized by the government to satisfy any restitution obligations." The government then asserts that a penniless person would not fight

1  the government's restitution claims.  (See Government Response,
2  pp. 3-4, footnote 1).

3  Apparently this argument by the government was made in haste
4  without thought to its ramifications.  The government is well
5  aware that even indigent persons under the United States
6  Constitution have the right to vigorously defend themselves in
7  criminal cases against government overreach.  Moreover, Mr.
8  Leonard has never fought against an order of restitution.  He has
9  fought vigorously against the government's restitution
10 calculations -- with a degree of success.  Indeed, through Mr.
11 Leonard's efforts, even the government's restitution calculations
12 dwindled during the course of the restitution litigation from
13 $3.4 million (see Government Sentencing Position, docket entry
14 721, at p. 9, lines 4-14) to $2,915,427.16 (see Government
15 Response to Second Supplemental Sentencing Position of Defendant
16 Richard Leonard Regarding Restitution, docket entry 943, at p. 7,
17 lines 16-17).  The issue has never been whether an order of
18 restitution would be entered; the issue has always been the
19 amount of restitution ordered.

20 Carried to its logical conclusion, the government's
21 argument would allow the government to seek imposition of
22 whatever outrageous restitution figure it could possibly justify
23 on indigent persons, who would not dare to defend themselves lest
24 they raise the government's suspicion that an untold fortune was
25 there to be collected if the government could only find it.  Mr.
26 Leonard has every right to vigorously defend himself against the
27 government's restitution calculations.

28

1   Second, the government argues that Mr. Leonard's motion for
2 reconsideration seeks to re-litigate matters already decided.  To
3 the contrary, the motion for reconsideration brings the Court's
4 attention to facts of which the Court likely was unaware when the
5 restitution order was entered:  the immunity awarded by the
6 government to Arnoldo Andre Tinoco ("Mr. Tinoco") and the
7 government's interview of Mr. Tinoco after the restitution
8 hearing.

9   Throughout these proceedings, Mr. Leonard has complained
10 about his lack of access to Mr. Tinoco.  Long before the
11 restitution hearing, Mr. Leonard sought to interview Mr. Tinoco,
12 but Mr. Tinoco's attorney declined to allow such an interview on
13 terms remotely acceptable to any competent attorney advising Mr.
14 Leonard.  The government did not agree to grant immunity to Mr.
15 Tinoco until a month before the restitution hearing.  Despite
16 this grant of immunity, and despite knowing that Mr. Leonard
17 sought to interview Mr. Tinoco in an attempt to defend himself
18 against the government's restitution calculations, the government
19 did not inform Mr. Leonard that it had provided immunity to Mr.
20 Tinoco until one week before the Court issued the restitution
21 order.

22   The government suggests that Mr. Leonard should have moved
23 for Mr. Tinoco's deposition pursuant to Federal Rule of Criminal
24 Procedure 15.  Such a motion would have been fruitless until
25 immunity had been granted because Mr. Tinoco was a named co-
26 conspirator in the underlying indictment.  Had the government
27 informed Mr. Leonard that Mr. Tinoco had been given immunity,
28

1  then Mr. Leonard very well may have attempted to depose Mr.
2  Tinoco.
3      The government also argues that it could not interview Mr.
4  Tinoco concerning Mr. Leonard's tax issues because Mr. Leonard
5  had not waived attorney-client privilege.  Had Mr. Leonard known
6  that Mr. Tinoco had been given immunity, then Mr. Leonard may
7  indeed have waived privilege or at least sought again to
8  interview Mr. Tinoco himself.
9      Finally, the government suggests that Mr. Tinoco would not
10 have been of assistance to Mr. Leonard's defense of the
11 government's restitution calculations because Teresa Vogt was in
12 a position of superior knowledge.  With all due respect, whether
13 Mr. Tinoco would have been of assistance to Mr. Leonard's defense
14 is a conclusion for Mr. Leonard, not the government, to reach.
15     Finally, the government argues that Mr. Leonard asks the
16 Court to disregard his plea agreement.  To the contrary, Mr.
17 Leonard has never sought to disregard his plea agreement.  He has
18 always agreed that restitution should be entered.  Nowhere in his
19 plea agreement, however, did Mr. Leonard agree to a specific
20 amount of restitution.  (See Plea Agreement of Richard Leonard,
21 docket entry 681, ¶9).  Throughout the negotiations leading to
22 the plea agreement, the government was aware that the amount of
23 restitution would be in dispute.  Again, the issue regarding
24 restitution was the amount to be ordered, not whether an order
25 should be entered.
26     By relying solely on Revenue Agent Jean Pugh's testimony at
27 the restitution hearing, despite previously agreeing to grant
28 immunity to Mr. Tinoco, the government did not prove that it had

done its best to discover, and exclude, all non-income items from the reconstituted income.  Because the government failed its burden at the restitution hearing, the Court should modify the restitution order, imposed as part of sentencing, and decline to order restitution other than that Mr. Leonard conceded that he owes.

Dated:  May 20, 2010          Respectfully submitted,
                              LAW OFFICE OF STEPHEN G. FRYE


                              By:_____/s/_____
                                   Stephen G. Frye
                                   Attorney for RICHARD LEONARD