# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-316-DSF | Date | 5/26/10 |
|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Interpreter | N/A |
|---|---|

| Andrea Keifer | Not Present | Ellen Quattrucci - DOJ (Not Present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 4) Richard Leonard | | NOT | SR | 4) Stephen G. Frye | NOT | | X |

| Proceedings: | (IN CHAMBERS)  Order DENYING Motion for Reconsideration of Restitution Order |
|---|---|

Defendant Richard Leonard has moved for reconsideration of the Court's restitution order pursuant to Federal Rule of Criminal Procedure 35(a), which provides:

> **Correcting Clear Error.**  Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

As it is more than 14 days after sentencing, it is not clear that this Court has the authority to correct Defendant's sentence under Rule 35(a).  In any event, Defendant has not established that a correction of sentence is appropriate.  Rule 35(a) "is intended to permit the district court to correct 'obvious' sentencing errors, 'but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error.'"  United States v. Aquirre, 214 F.3d 1122, 1126 (9th Cir. 2000) (quoting United States v. Portin, 20 F.3d 1028,

---

CR-11                    **CRIMINAL MINUTES - GENERAL**

**Initials of Deputy Clerk____**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

1030 (9th Cir. 1994)).[1]  Defendant has not pointed out any "obvious" sentencing error.  Rather, he seeks to have the Court reconsider its determination of the facts regarding restitution.  This is not the purpose of Rule 35(a).

Even if it were within the Court's authority to alter Defendant's sentence at this time, the Court would not do so.  Defendant's arguments were all raised in the original (voluminous) briefing leading up to the restitution order and were rejected.  The only difference presented in Defendant's motion for reconsideration is his use of certain precedents related to the cash deposits method that were cited by the Court but inexplicably not cited by either party in the original briefing.  Specifically, Defendant seeks to show that the government did not adequately investigate Arnoldo Andre Tinoco's connection to the funds deposited into Defendant's Costa Rican accounts.  Defendant's arguments in this regard overlook the fact that the government's burden in a restitution hearing is the preponderance of the evidence, not beyond a reasonable doubt.  As the Court stated in the restitution order, there was ample evidence that the deposited funds were Genesis Fund distributions and no reason – beyond Defendant's seemingly baseless speculation – to believe that Tinoco was the source of any of the funds.  This is sufficient to satisfy a preponderance of the evidence standard.

The motion is DENIED.

IT IS SO ORDERED.

---

[1] Aquirre cites Rule 35(c), which was renumbered as Rule 35(a) in the 2002 amendments to the Federal Rules.

CR-11                                    **CRIMINAL MINUTES - GENERAL**

**Initials of Deputy Clerk___**